# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN BILLIOT, JORDY LEE,
AND TAYLOR ROY

CIVIL ACTION

VERSUS

NO. 18-715-JWD-RLB

MULTIFAMILY MANAGEMENT, INC.,
GMF-PRESERVATION OF AFFORDABILITY CORP.,
AND XYZ INSURANCE COMPANY

## RULING AND ORDER

This matter is before the Court on *Defendants' Motion for Summary Judgment* ("*Motion*") filed by Defendants Multifamily Management, Inc ("MMI") and GMF-Preservation Affordability Corp, ("GMF") (together "Defendants"). (Doc. 21.) In response, Taylor Roy and Jordy Lee, (together "Plaintiffs") filed an *Opposition to Motion for Summary Judgment* ("*Opposition*"). (Doc. 29.) In reply, Defendants filed *Defendants' Reply in Support of Motion for Summary Judgment* ("*Reply*"). (Doc. 32.) Oral argument is not necessary. Having considered the facts, the arguments made by the parties, the law, and for the reasons expressed below, the Court will grant the *Motion*.

## FACTS

This case arises out of an alleged accident on August 23, 2017, when Plaintiffs and Mr. Billiot were working at an apartment complex when Mr. Billiot was struck by a falling air-conditioning unit. While helping Mr. Billiot, Mr. Lee strained his back and Mr. Roy crushed his foot. (Doc. 1 -1 at ¶ 5.) The apartment complex is located in Lake Charles, Louisiana in Calcasieu Parish. (Doc. 1-1 at ¶ 3.)

Defendant MMI is an Alabama corporation licensed to do business in Louisiana. (Doc. 7-2 at 1.) MMI's registered office and principal business establishment in Louisiana is located in

East Baton Rouge Parish. (*Id.*) MMI maintains a registered agent, Mr. John Dale Powers, for service of process in Louisiana. (Doc. 7-2 at 2.) Defendant GMF is a Tennessee nonprofit corporation licensed to do business in Louisiana. (Doc. 7-3 at 1.) GMF's registered office and principal business establishment in Louisiana is located in Orleans Parish. (*Id.*) GMF maintains a registered agent for service of process in Louisiana. (Doc. 7-3 at 2.)

On October 20, 2017, counsel for Plaintiffs emailed MMI's registered agent, Mr. Powers informing him of the accident at the apartment complex. (Doc. 29-1 at 1-2.) On October 23, 2017, Mr. Powers responded, "forwarding all of this to Multifamily Management as we are only the registered agent." (*Id.* at 1.) On April 30, 2018, counsel for Plaintiffs began communicating with Mr. Patrick Coffey of MMI in an email stating:

> Please be on notice that Mr. John Billiot, Mr. Jordy Lee and Mr. Taylor Roy were preforming work at Suffock Mannor on August 23, 2017 when Mr. Billiot was struck by a falling a/c unit. Please see attached picture of the unit and damage to Mr. Billiot. Mr. Lee strained his back and Mr. Roy crushed his foot moving the unit from Mr. Billiot.

(Doc. 29-2 at 2.) On May 4, 2018, Mr. Coffey responded in part, "I would rather settle this out as opposed to creating litigation. What is it that your clients are looking for? Let me know." (*Id.* at 1.) On May 22, 2018, counsel for Plaintiffs emailed Mr. Coffey asking, "Please contact my office to discuss the status of the offers of settlement and the name of the owner of the building for service of process." (Doc. 29-3 at 2.) Mr. Coffey responded, "I have notified the owner, he is out of the country and should be back on Friday. He will be the one to discuss settlement." (*Id.* at 1.)

On June 21, 2018, Plaintiffs filed their Petition in the 18th Judicial District Court for the Parish of Point Coupee, where Mr. Roy is domiciled. (Doc. 1 at ¶ 5.) On July 11, 2018, GMF received a copy of the long-arm service citation and a copy of the *Petition* through their agent for service of process in Tennessee. (Doc. 1 at ¶ 4.) On or about July 17, 2018, MMI received a copy

2

of the long-arm service citation and a copy of the *Petition* through Mr. Patrick Coffey, the registered agent for service of process in Alabama. (*Id.*)

On July 26, 2018, Defendants filed a *Notice of Removal* pursuant to 28 U.S.C. § 1441. Defendants noted in the *Notice of Removal* that "Although Defendants both maintain registered agents within the State of Louisiana, Plaintiffs chose to attempt service of citation and the *Petition* on Defendants via Louisiana's long-arm service. No affidavit of long-arm service has been filed in the state court record as of this date." (Doc. 1 at ¶ 4.) On August 2, 2018, Defendants sought and were granted an extension of time to file an answer or responsive pleadings. (Doc. 2; Doc. 3.) Defendants filed a Motion to Dismiss on September 4, 2018. (Doc. 7.) Defendants filed an answer on May 1, 2019. (Doc. 19.)

Plaintiffs served the registered agent for process in Louisiana for MMI, John Dale Powers on September 25, 2018. (Doc. 11 at 2.) Plaintiffs also served the registered agent for process in Louisiana for GMF on September 25, 2018. (*Id.*)

## APPLICABLE STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

## DISCUSSION

a. *Parties' arguments*

1. <u>Defendants' arguments</u>

Defendants argue that Plaintiffs' claims for personal injuries are barred by Louisiana's one-year prescriptive period. (Doc. 21-1 at 4-5.) Defendants maintain that Louisiana Civil Code article 3492 states that delictual actions, including personal injury claims, are subject to a one-year prescriptive period beginning from the date of the injury. (Doc. 21-1 at 4 (citing La. Civ. Code art. 3492).)

Defendant argues that under Louisiana Civil Code Article 3462, "prescription is interrupted when a plaintiff files suit within the prescriptive period 'in a court of competent jurisdiction and venue.'" (Doc. 21-1 at 4 (quoting La. Civ. Code art. 3462).) Prescription is not interrupted, if the "action is commenced in an incompetent court, or in an improper venue" unless "a defendant [is] served by process within the prescriptive period." (Doc. 21-1 at 4 (quoting La. Civ. Code art. 3462; and citing *Carner v. Louisiana Health Serv. & Indem. Co.*, 442 F. App'x 957, 959 (5th Cir. 2011)).) Defendants assert the claims are prescribed because alleged injuries occurred on August 23, 2017 and prescription was not interrupted when Plaintiffs filed

4

this suit in the 18th Judicial District Court for the Parish of Pointe Coupee, which is an improper venue, and did not properly serve either Defendant. (Doc. 21-1 at 4-5.)

Defendants assert that the 18th Judicial District Court for the Parish or Pointe Coupee was improper venue because under Louisiana Civil Code Procedure art. 42(4), "An action against foreign corporations licensed to do business in this state generally should be brought in the parish where its principal business establishment is located as designated." (Doc. 21-1 at 5 (citing La. Code Civ. Proc. art. 42(4)).) Further, "[a]n action for tort may be brought in the parish where the wrongful conduct occurred or where damages were sustained." (Doc. 21-1 at 5 (La. La. Code Civ. Proc. art.74).) Finally, "[a] direct action on a liability insurance policy may be brought in the parish where the loss occurred, or the insured is domiciled." (Doc. 21-1 at 5 (La. La. Code Civ. Proc. art.76).) Defendants state that Pointe Coupee Parish is improper venue because Defendants' principal business establishments are East Baton Rouge Parish and Orleans Parish, and Plaintiffs allege they were injured in Calcasieu Parish. (Doc. 21-1 at 5.)

Defendants argue that because Plaintiffs filed suit in an improper venue, prescription was only interrupted if Plaintiffs served Defendants during the one-year prescriptive period. (Doc. 21-1 at 5 (citing *Carner v. Louisiana Health Serv. & Indem. Co.*, 442 F. App'x 957, 959 (5th Cir. 2011)).) Defendants state the prescriptive period ended on August 23, 2018 and that Plaintiffs did not serve Defendants' respective registered agents until September 25, 2018. (Doc. 21-1 at 5-6.) Therefore, Defendants maintain that the personal injury claims prescribed, and summary judgment is warranted. (Doc. 21-1 at 6.)

2. Plaintiffs' response

In response, Plaintiffs argue that Defendants have created their own prescription deficiency because they sought and were granted an extension of time to file responsive pleadings and answer when the case was removed to this Court. (Doc. 29 at 4-5.) Plaintiffs also

5

assert that the exception for improper venue does not apply because the case has been removed to federal court and all parties are now properly before this court. (Doc. 29 at 4.) Plaintiffs state that, when alerted to the deficiency of service of process, they promptly complied with proper service. (Doc. 29 at 5.) Therefore, because federal procedure governs in a removed case, Plaintiffs only had to comply with the federal rules for service of process and venue is no longer an issue as the Parish of Point Coupee is in the Middle District of Louisiana. (Doc. 29 at 4-7 (citing *Maquar v. Transit Management of Southeast Louisiana, Inc.*, 593 So. 2d 365 (La. 1992)).)

Plaintiffs also argue that because, in settlement discussions, MMI's agent for service of process gave counsel Mr. Coffey's contact information and Mr. Coffey asserted that he wanted to settle the claim, the venue exception does not apply. (Doc. 29 at 6.) Last, Plaintiffs assert that venue is not a prescriptive issue because a state court could simply transfer the action to a proper venue. (Doc. 29 at 7-8.)

3. Defendants' reply

Defendants reply that removal does not change the requirement that Plaintiffs timely serve Defendants before the liberative prescription accrues. (Doc. 32 at 2.) Defendants detail that the Fifth Circuit has held that the defense of prescription due to improper venue and improper service is not affected by removal to federal court. (Doc. 32 at 2-3 (citing *Mullen v. Sears, Roebuck, & Co.*, 887 F.2d 615, 617–18 (5th Cir. 1989).) Therefore, Defendants argue that the not-yet-ripe defense of prescription was not waived when the matter was removed to this Court. (Doc. 32 at 3.)

Next, Defendants assert that inconclusive settlement negotiations do not interrupt liberative prescription if the settlement negotiations do not result in an agreement. (Doc. 32 at 4 (citing *Mullen*, 887 F.2d at 618).) Last, Defendants maintain that asking for an extension of time

to file responsive pleadings did not prevent Plaintiffs from serving Defendants before the prescription accrued. (Doc. 32 at 4.) Defendants maintain that

> Louisiana courts have consistently held that as a general rule there is no duty to advise a claimant of the proper prescriptive period. *See Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 at *3 (E.D. La. Dec. 18, 1997); *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La. App. 1st Cir. 1981) ("As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty to inform of prescription can be based."); *Flowers v. United States Fidelity & Guaranty Co.*, 367 So.2d 107, 110 (La. App. 4th Cir.) ("as adversaries, there is no relationship existing between the plaintiffs and the insurance adjuster on which a duty to inform of prescription can be based.") *rev'd on other grounds*, 381 So.2d 378 (La. 1979).

(Doc. 32 at 4-5.) Therefore, Defendants assert because Plaintiffs bore the burden of interrupting prescription, and prescription was not interrupted before it accrued to bar the Plaintiffs' personal injury claims, those claims are prescribed. (Doc. 32 at 5.)

b. *Applicable law*

Under Louisiana Civil Code article 3492, delictual actions, including personal injury claims, are subject to a liberative prescription of one year beginning from the day of the injury. La. Civ. Code Ann. art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."). "The defendant has the burden of proving that a tort claim has prescribed." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000) (internal ciation omitted). In this case, prescription commenced on August 23, 2017 and therefore the personal injury claims prescribed on August 23, 2018.

"If the defendant proves that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts to the plaintiff to prove an exception to prescription." *Id.* Prescription is interrupted

> when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an

> improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

La. Civ. Code Ann. art. 3462. Therefore, for prescription to be interrupted, a plaintiff must file an action in a court of competent jurisdiction and venue or serve a defendant by process within the prescriptive period. *Id.*

In this case, on June 21, 2018, Plaintiffs filed their Petition in the 18th Judicial District Court for the Parish of Point Coupee, where Mr. Roy is domiciled. (Doc. 1 at ¶ 3-5.) However, the Parish of Point Coupee is not the proper venue for this action. La. Code Civ. Proc. Ann. art. 42. ("The general rules of venue are that an action against: . . . (4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state. . . . );  La. Code Civ. Proc. Ann. art. 76.1 ("An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."); La. Code Civ. Proc. Ann. art. 74 ("An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.") The correct venues for this action include: (1) East Baton Rouge Parish and Orleans Parish, where Defendants' principal places of business are located; (2) Calcasieu Parish, where Plaintiffs allege they were injured and where the contract was executed and work was performed. La. Code Civ. Proc. Ann. art. 45 (" (3) If. . . there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article.") Because the action was filed in a court of improper venue, prescription continued to run until Plaintiffs perfected service of process on Defendants under Louisiana law.

Although Plaintiffs attempted to affect service of process earlier, Defendants were not served until September 25, 2018, which is after the prescription period expired.

In addition, removal of an action to federal court does not waive a defendant's prescription defense for improper venue and improper service. *Mullen*, 887 F.2d at 618. In *Mullens v. Sears, Roebuck, & Co.* the Fifth Circuit explained:

> There is little doubt but that the service requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice. The statute promotes the fundamental purposes of the Louisiana prescriptive statutes, which are "to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof." *Allstate Ins. Co. v. Theriot,* 376 So.2d 950, 954 (La.1979). Filing suit alone, if in the wrong parish, is not likely to give notice. We are persuaded that the requirement is integral to the Louisiana prescriptive statutes, and not supplanted by Rule 3.
>
> . . . .
>
> The argument is that venue would have been proper if their suit had originally been filed in this federal district court; that venue is proper in a removed case in the district court for the district and division in which the state court is located, whether or not by the measure of state law venue was proper in the state court. *Seaboard Rice Milling Co. v. Chicago, R.I. & P.R. Co.,* 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633 (1926); *Minnesota Mining and Manufacturing Co. v. Kirkevold,* 87 F.R.D. 317 (D.Minn.1980); 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3726 at 438 (1985).
>
> We are not convinced that removal extricated the [Plaintiffs] from the time bar. It is true that federal venue was proper upon removal and since [the Defendant] did not contest venue before removal, it might not have been able to do so in federal court. See 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure,* § 3726 at 439 (suggesting that if state venue is improper, the defendant may raise the issue in state court before removal, or may seek a transfer after removal). Transfer was not an option because both the Parish where suit was filed as well as the Parish where suit should have been filed were in the Eastern District of Louisiana. The defense was limitation, however, and Sears raised this affirmatively urging that the Mullens' claim was time barred under Louisiana law and that removal denied no defense available in state court. *Nationwide Engineering and Control Systems, Inc. v. Thomas,* 837 F.2d 345 (8th Cir.1988); 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1395 at 873 (1969). In sum, Sears did nothing to waive its defense under Louisiana law before removal, and raised it properly in the federal district court.

*Mullen*, at 617–18; *see Blanchard v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-455, 1999 WL 191490, at *2 (E.D. La. Apr. 5, 1999), *aff'd,* 203 F.3d 828 (5th Cir. 1999) ("A plaintiff interrupts prescription of her claim by filing suit in a court of competent jurisdiction and venue within the prescriptive period. If the action is commenced in an improper venue, 'prescription is interrupted only as to a defendant served by process within the prescriptive period.' Subsequent removal of a case from an improper state court venue to a proper federal one will not resurrect a suit that has prescribed under this rule, since Article 3462 looks to whether venue was proper when plaintiff commenced the suit, not when defendant removed it.") (internal citations omitted). Therefore, because the defense of prescription was not waived by Defendants' removal of the case, the claim still prescribed on August 23, 2018.

Plaintiffs argue that prescription was interrupted when Defendants indicated that they wished to settle the matter. (Doc. 29 at 6.) The Court does not agree. An exception to prescription is interruption by acknowledgement, in which, "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La. Civ. Code Ann. art. 3464. However, as the Fifth Circuit explained, settlement negotiations are not enough to interrupt prescription. *Mullen*, at 618 ("Louisiana courts read Article 3464 to require more than settlement negotiations. If, as here, the negotiations do not result in an agreement that the defendant is liable for the plaintiff's injuries, there is no acknowledgement sufficient to interrupt prescription." (citing *Trainer v. Aycock Welding Co.,* 421 So.2d 416 (La. App. 1st Cir. 1982); and *Flowers v. United States Fid. & Guarantee Co.,* 381 So.2d 378, *amended on reh'g,* 381 So.2d 381 (La. 1980)).

Plaintiffs likewise raise the exception of *contra non valentem non currit praescriptio* arguing that because (1) Defendants stated they wished to settle but no settlement was reached;

and (2) Defendants asked for additional time to file an answer or other responsive pleadings once the case was removed to federal court and did not inform Plaintiffs that prescription was an issue, therefore Defendants effectively prevented Plaintiffs from bringing the cause of action timely. (Doc. 29 at 6.) The Court does not agree. Another exception to prescription recognized by courts in Louisiana is the "jurisprudential exception to prescription of *contra non valentem non currit praescriptio,* which means that prescription does not run against a person who could not bring his suit." *Martinez Mgmt., Inc. v. Caston*, 39,500, p. 6 (La. App. 2d Cir. 4/13/05), 900 So.2d 301, 306. As the Fifth Circuit detailed:

> The doctrine [of *contra non valentem]* may suspend the running of the prescriptive period where (1) there was some legal cause that prevented the courts or their officers from taking cognizance of or action on the plaintiff's action; (2) there was some condition coupled with the contract or connected with the proceedings that prevented the creditor from suing or acting; (3) the debtor himself has done some act effectively to prevent the creditor from availing himself of his cause of action; or (4) the cause of action is not known or reasonably knowable to the plaintiff, even though his ignorance is not induced by the defendant.

*F.D.I.C. v. Barton*, 96 F.3d 128, 134 (5th Cir. 1996) (citing *Rogers v. Corrosion Prod., Inc.*, 42 F.3d 292, 294 (5th Cir. 1995)). A plaintiff bears the burden to show that the doctrine applies. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000). Under the third category, for a plaintiff to show that the defendant took action to prevent him from suing, the plaintiff must show, "evidence of fraud, deceit, misrepresentation or concealment by the defendants that led to the plaintiff's failure to file the claim within the statutory period." *F.D.I.C.*, 96 at 135; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 394 (E.D. La. 1997) ("The third category of contra non valentum applies when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action. The conduct that keeps the victim in ignorance of his claim must rise to the level of concealment, misrepresentation, fraud or ill practices before the exception will apply. Where plaintiff is able to

establish such conduct, prescription is suspended until plaintiff is made aware of the truth of the matter."). In this case, Plaintiffs have not provided any evidence that Defendant undertook any action to keep them in ignorance of their personal injury claims. Defendants had no duty to warn Plaintiffs that prescription had not been interrupted or warn Plaintiffs of the prescription deadline before asking for a motion to extend time. Plaintiffs were aware of the facts underlying their claims and if they had followed the dictates of the Louisiana Code of Civil Procedure in filing the suit in a court with proper venue or provided service of process within the prescriptive period, then prescription would not have been an issue.

Because Plaintiffs filed this action in a court of improper venue, did not provide service of process until after the liberative prescriptive period for delictual actions ended, and no other exception for prescription applies, the Court finds that the Plaintiffs' personal injury claims are prescribed.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that *Defendants' Motion for Summary Judgment* ("*Motion*") filed by Defendants Multifamily Management, Inc and GMF-Preservation Affordability Corp, (Doc. 21.) is **GRANTED;**

**IT IS FURTHER ORDERED** that the delictual claims for personal injury by Plaintiffs Taylor Roy and Jordy Lee are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on March 12, 2020.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**