| | |
|---|---|
| JOHN BILLIOT, JORDY LEE, AND TAYLOR ROY<br><br>VERSUS<br><br>MULTIFAMILY MANAGEMENT, INC., GMF-PRESERVATION OF AFFORDABILITY CORP., AND XYZ INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 18-715-JWD-RLB |

## **RULING AND ORDER**

This matter is before the Court on *Defendants' Motion to Dismiss First Amended Petition Pursuant to Rule 12(b)(6), or, in the alternative, Motion for Summary Judgment* ("*Motion*") filed by Multifamily Management, Inc ("MMI") and GMF-Preservation Affordability Corp, ("GMF") (together "Defendants"). (Doc. 37.) In response, John Billiot, ("Plaintiff" or "Mr. Billiot") filed an *Opposition to Defendants' Motion to Dismiss First Amended Petition Pursuant to Rule 12(b)(6), or, in the Alternative, Motion for Summary Judgment* ("*Response*"). (Doc. 41.) In reply, Defendants filed *Defendants' Reply to Plaintiff John Billiot's Opposition to Defendants' Motion to Dismiss First Amended Petition Pursuant to Rule 12(b)(6), or, in the Alternative, Motion for Summary Judgment* ("*Reply*"). (Doc. 47.) Oral argument is not necessary. Having considered the facts, the arguments made by the parties, the law, and for the reasons expressed below, the Court will grant the *Motion* for failure to state a claim as to Plaintiff John Billiot and dismiss Plaintiff's claims with prejudice.[1]

---

[1] As this Ruling and Order will grant the *Motion* for failure to state a claim it does not consider the alternative grounds presented. The Court notes however, that in its Ruling and Order on *Defendants' Motion for Summary Judgment* (Doc. 21), the Court dismissed Plaintiffs Jordy Lee and Taylor Roys' personal injury claims as barred by prescription. (Doc. 57.) Although not discussed in this Ruling and Order, for the reasons stated in Doc. 57, the Court holds that Plaintiff John Billiot's personal injury claims are likewise barred by prescription. (*Id.*)

## PROCEDURAL HISTORY

On June 21, 2018, Plaintiffs filed their Petition in the 18th Judicial District Court for the Parish of Point Coupee. (Doc. 1 at ¶ 3.) On July 26, 2018, Defendants filed a *Notice of Removal* pursuant to 28 U.S.C. § 1441. (Doc. 1.) On August 2, 2018, Defendants sought and were granted an extension of time to file an answer or responsive pleadings. (Doc. 2; Doc. 3.) Defendants filed *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6)* on September 4, 2018. (Doc. 7.) For oral reasons assigned, the Court granted *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6)* on April 17, 2019. (Doc. 18.)[2] Plaintiffs filed the *First Amended Petition for Personal Injuries and Damages and Breach of Contract Pursuant to Order of the Court [R. 18]* ("*Amended Petition*") on July 25, 2019. (Doc. 33.) Defendants then filed the present motion. (Doc. 37.)

## FACTS

For the purpose of ruling on the *Motion* the Court assumes the facts alleged in the *Amended Petition* to be true. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) ("In ruling on a Rule 12(b)(6) motion, we may consider the contents of the pleadings along with any attachments.")[3]

On July 1, 2017, Mr. Billiot executed a master services agreement ("Agreement") with MMI on behalf of his company, Billiot's Lawn Service, to perform work at Suffolk Manor Apartments in Lake Charles, Louisiana. (Doc. 33 at ¶ 4-8.) Neither of the other two plaintiffs, Jordy Lee or Taylor Roy, signed the Agreement. (*Id.* at ¶ 6.) MMI signed the Agreement on

---

[2] Although the Court initially dismissed Plaintiff's claims with prejudice due to Plaintiff's failure to file an amended petition within the Court's deadline (Doc. 23), the Court vacated that ruling and allowed Plaintiff to file the *Amended Petition*. (Doc. 31.)

[3] To the extent the *Amended Petition* alleges conclusions of law, the Court will disregard those allegations. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 363 (5th Cir. 2003) ("Even for purposes of a motion to dismiss . . . we need not accept such conclusory statements, particularly where they concern the legal effect of an allegation or involve a question of law normally reserved for the court, such as the interpretation of an implied term in [a] contract.")

behalf of GMF as its agent. (*Id.*)  The Agreement included three provisions of particular note: (1) a choice-of-law provision requiring the application of Alabama law; (2) an indemnifications and insurance provision; and (3) a separate release and indemnity agreement for service providers without workmen's compensation insurance. (Doc. 1-1 at 16-21.)

On August 23, 2017, Mr. Billiot, Mr. Lee, and Mr. Roy were performing work under the Agreement at Suffolk Manner when Mr. Billiot was struck by a falling air conditioning unit. (Doc. 33 at ¶¶ 8 & 12.)  Mr. Lee strained his back and Mr. Roy crushed his foot attempting to help free Mr. Billiot from the air conditioning unit. (*Id.* at ¶ 8.) Following the accident, Mr. Billiot contacted MMI and requested payment for his services. (*Id.* at ¶ 9.)  He also reported the accident and requested information regarding the building's ownership and insurance coverage to attempt to make a claim for his injuries. (*Id.* at ¶ 10.)

GMF owns the building and MMI manages the property. (*Id.* at ¶ 3.) The *Amended Petition* alleges that GMF "is responsible for the ruin and damage caused by the ruin of the building." (*Id.* at ¶ 13.)  MMI, as the property manager, is also "responsible for the damage caused by the ruin of the building." (Doc. 33 at ¶ 13.) As such, MMI had knowledge of the property's condition, including its "rotten wood conditions." (*Id.* at ¶ 18.)

Mr. Billiot asserts a negligence claim against MMI and GMF and seeks to recover damages arising directly from his injury. He also asserts a breach-of-contract claim for unpaid compensation. (*Id.* at ¶¶ 20-21.)

## APPLICABLE STANDARD

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained that "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500,

502 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

DISCUSSION

*a. Parties' arguments*

1. <u>Defendants' arguments</u>

Defendants argue that Plaintiff has not stated a claim upon which relief can be granted because the unambiguous language of the Agreement establishes: "(1) Mr. Billiot agreed to release, indemnify, and hold harmless MMI and GMF against any claims for bodily injury; and (2) MMI signed the [Agreement] solely as the agent of GMF, and accordingly is not liable for the alleged nonpayment thereunder." (Doc. 37-1 at 5.)

Defendants argue that in this diversity case the Court should apply the choice of law rule of Louisiana, which holds that a contractual choice of law provision is presumed to be valid. (Doc. 37-1 at 5 (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indemn. Co.*, 352 F.3d 254, 260 (5th Cir. 2003); *Barnett v. Am. Const. Hoist, Inc.*, 91 So. 3d 345, 349 (La. App. 1 Cir. 2012)).) Defendants maintain that, under Louisiana law, courts enforce parties' stipulations as to the choice of law, "unless there is a statutory or jurisprudential law to the contrary or a strong public policy consideration justifying the refusal to honor the contract as written." (Doc. 37-1 at 5 (citing *O'Bannon v. Moriah Technologies, Inc.*, 2018 WL 1561333, at *8 (La. App. 1 Cir. 2018)).) Defendants assert that it does not violate public policy for states to have different laws. (Doc. 37-1 at 5-6 (citing *Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F. 3d 246, 252 (5th Cir. 1994)).) Therefore, Defendants argue that because the Agreement states that Alabama law governs, the Court should apply Alabama law. (Doc. 37-1 (citing Doc. 1-1 at 19).)

5

Defendants state that "unlike many other states Alabama law recognizes and will enforce broad form indemnity." (Doc. 37-1 at 6.) Defendants detail that Alabama law allows for indemnity for claims resulting solely from negligence and for future damages. (Doc. 37-1 at 6 (citing *Holcim (US), Inc. v. Ohio Ca. Ins. Co.*, 30 So. 3d 722, 728 (Ala. 2009); *Jehle-Slauson Const. Co. v. Hood-Rich Architects and Consulting Engineers*, 435 So.2d 716, 719-720 (Ala. 1983) (quoting *W.J. Perrymore & Co. v. Penn Mutual Fire Insurance Co.,* 324 F.2d 791, 793 (5th Cir.1963))).)

As applied to the Agreement, Defendants argue that Section 9 of the Agreement executed by Mr. Billiot contains an unambiguous statement that releases and holds harmless MMI and GMF from any and all claims. (Doc. 37-1 at 7 (citing Doc. 1-1 at 17).) In addition, Defendants point out that Mr. Billiot also executed the Release and Indemnity Agreement for Vendor without Workmen's Compensation Insurance, ("Release") which likewise releases and holds harmless MMI and GMF. (*Id.* (citing Doc. 1-1 at 21-22).) Defendants conclude that because all personal injury claims by Mr. Billiot arose from or are related to the services he agreed to provide in the Agreement and the Agreement indemnifies and releases Defendants for these claims, the Court should grant the *Motion* and dismiss the claims for personal injury damages with prejudice. (Doc. 37-1 at 8.)

Defendants argue that Plaintiff cannot state a claim for non-payment by MMI because the Agreement unambiguously states that MMI is acting in its capacity as agent for the owner, GMR. (Doc. 37-1 at 8.) Under Alabama law, "The general rule . . . concerning liability of an agent for the breach of contract entered on behalf of a disclosed principal is that *the agent binds either the principal or himself to the contract, but not both.*" (Doc. 37-1 at 9 (quoting *Boyce v. Cassese*, 941 So. 2d 932, 949 (Ala. 2006) (emphasis in original)).) Therefore, Defendants

maintain that because the Agreement unambiguously disclaims any intent to bind MMI, Mr. Billiot cannot state a claim for breach of contract against MMI. (Doc. 37-1 at 9.)

   2. Plaintiff's response

In response, Plaintiff argues that accepting the allegations in the *Amended Petition* as true, the Court can draw the inference that Defendants are liable to Plaintiff for the alleged damages. (Doc. 41 at 5.) Plaintiff argues that the Court should apply the Louisiana law for workers compensation because Louisiana law differs from Alabama law. (Doc. 41 at 7.) Plaintiff seems to suggest that Mr. Billiot was an employee and not an independent contractor of Defendants under Louisiana law. (Doc. 41 at 8.) Therefore, Plaintiff reasons that Defendants had an obligation to provide Mr. Billiot with a safe workplace, and the Agreement could not indemnify and release Defendants from that obligation. (Doc. 41 at 8.) Plaintiff does not address the argument that the Agreement does not bind MMI for payment because MMI is only GMF's agent.

   3. Defendant's reply

In reply, Defendants point out Plaintiff's response cites jurisprudence regarding the Louisiana Workers' Compensation Act. (Doc. 47 at 3.) In addition, Defendants state that Plaintiff does not address whether the Alabama choice of law provision should apply or whether the contractual provisions regarding the hold harmless provisions in the Agreement should be given effect. (Doc. 47 at 3.) Further, Defendants assert that Plaintiff failed to argue that he has stated a claim against MMI for breach of contract. (Doc. 47 at 3-4.)

b. *Analysis*

As the Court previously explained in its oral reasons on Defendants' first motion to dismiss, in diversity cases, the choice-of-law rules of the forum state control. *American Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). "Louisiana

generally allows parties to select the law that will determine the outcome of the disputes arising from a contract." *Verdine v. Ensco Offshore Co.*, 255 F.3d 246, 250 (5th Cir. 2001). Choice-of-law provisions are presumed to be valid unless the chosen law "contravenes the public policy" of Louisiana. La. Civ. Code art. 3540; see also *Curtis Callais Welding, Inc. v. Stolt Comex Seaway Holdings, Inc.*, 129 F. App'x 45, 52 (5th Cir. 2005) ("Under article 3540, Louisiana courts typically will not invalidate a choice-of-law provision agreed upon between parties, unless the chosen law violates a strong public policy of the state."). The party seeking to invalidate a choice-of-law provision bears the burden of proving that it violates public policy. *Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1058 (5th Cir. 1982).

Courts will declare choice-of-law provisions void as against public policy "only if there is an express legislative or constitutional prohibition or a clear showing that the purpose of the contract contravenes good morals or public interest." *Id.* (internal quotations omitted). And a provision does not violate public policy "merely because the laws of the two states differ." *Id.* Here, Plaintiffs argue that the Court should apply the Louisiana's Workers' Compensation Act and have otherwise not argued that Alabama law would contravene Louisiana's public policy. The Louisiana Workers' Compensation Act applies to employees. The *Amended Petition* does not allege that Mr. Billiot was MMI or GMF's employee nor does it state a claim under the Louisiana Workers' Compensation Act. Therefore, Plaintiff has not shown how the Louisiana Workers' Compensation Act could apply in this case. Because Plaintiff has not shown that Alabama law contravenes Louisiana's public policy, the Court will apply Alabama law in accordance with Section 12(a) of the master services agreement. (Doc. 1-1 at 19).

The Alabama Supreme Court has noted that "Alabama law recognizes the ability of parties to enter into valid indemnity agreements that allow an indemnitee to recover from the

indemnitor even for claims resulting solely from the negligence of the indemnitee." *Holcim (US), Inc. v. Ohio Cas. Ins. Co.*, 38 So. 2d 722, 728 (Ala. 2009). "Under long-standing Alabama law, contracts should be construed as written, and that policy generally applies to indemnity contracts." *Id.* (citation and internal quotations omitted).

The plain language of each indemnity provision covers the accident at issue. The first provision, Section 9(a) of the Agreement states:

> To the fullest extent permitted by law, Service Provider ["Mr. Billiot"] shall indemnify, defend (at Service Provider's sole expense) and hold harmless Management Agent ["MMI" and] the Owner ["GMF"], . . . from and against any and all claims for bodily injury or death, damage to property, demands, damages, actions, causes of action, suits, losses, judgments, obligations, and any liabilities, costs and expenses (including but not limited to investigative and repair costs, attorneys' fees and costs, and consultants' fees and costs) … which arise or are in any way connected with the work performed, materials furnished, or services provided under this agreement by Service Provider, its employees or agents, whether active or passive.

(Doc. 1-1 at 17.) The second provision, which is contained in the Release signed on July 1, 2017, indemnifies and holds harmless MMI and GMF from "any and all claims of whatever kind or character which may arise or be made and which are in any way related to or resulting from the things to be done" under the Agreement. (*Id.* at 21).

Both provisions provide indemnity to both MMI and GMF for any bodily injury claim, "in any way connected with" or "in any way related to" Plaintiff's work at Suffolk Manner. (Doc. 1-1 at 17 & 21.) Mr. Billiot's purported injuries are unquestionably connected with and related to his work, because his very presence at Suffolk Manner was due to his landscaping work. And neither provision specifically excludes MMI or GMF's purported negligence from Mr. Billiot's duty to hold them harmless. Accordingly, the Court concludes that the unambiguous language of both indemnity provisions precludes any claim against MMI and GMF arising out of Mr. Billiot's injuries. As previously stated, and for reasons given in the Court's ruling found in

Doc. 57, Mr. Billiot's personal injury claims have prescribed. In addition, said claims are precluded by the indemnity provisions. Therefore, the Court will grant Defendant's *Motion* as it pertains to Mr. Billiot's personal injury claim.

Further, Mr. Billiot did not address Defendants' argument that he cannot bring breach-of-contract claim against MMI for unpaid compensation because the Agreement expressly exempts MMI from payment. The plain language of the Section 8 of the Agreement states:

> Service Provider [Mr. Billiot] acknowledges and agrees that Management Agent [MMI] is working as an Agent for the Owner [GMF] of the properties that Service Provider [Mr. Billiot] is providing goods or services to. that the owner is fully responsible for the payment for goods and/or services and Management Agent [MMI] has no obligation for payment. Management Agent [MMI] disavows any liability for any charges for such goods or services and Service Provider [Mr. Billiot] agrees not to look to Management Agent [MMI] for any payment or guarantee . . .

(Doc. 1-1 at 17.) Because the Agreement plainly exempts MMI from payment, the Court will grant Defendant's *Motion* as it pertains to Mr. Billiot's breach of contract claim against MMI.

Last, Plaintiff has had multiple opportunities to state a viable claim, and he has failed to do so. Clearly, any further amendment would be futile, and so the Court will deny Plaintiff further leave to amend. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378–79 (5th Cir. 2014) (finding no abuse of district court's discretion in denying leave to amend after multiple attempts when further amendment would be futile).

## CONCLUSION

IT IS ORDERED that *Defendants' Motion to Dismiss First Amended Petition Pursuant to Rule 12(b)(6), or, in the alternative, Motion for Summary Judgment* filed by Defendants Multifamily Management, Inc. and GMF-Preservation Affordability Corp, (Doc. 37) is GRANTED.

IT IS FURTHER ORDERED that the delictual claim for personal injury by Plaintiff John Billiot and the breach of contract claim against Multifamily Management, Inc. are DISMISSED WITH PREJUDICE.

Signed in Baton Rouge, Louisiana, on March 12, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**